19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Phillip TURANGE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7071.
 United States Court of Appeals, Tenth Circuit.
 March 16, 1994.
 
 1
 Before LOGAN and SETH, Circuit Judges, and KELLY,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Phillip Turnage appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services denying his application for disability benefits. On appeal, he argues the administrative law judge (ALJ) did not base his decision on substantial evidence and failed to analyze properly his subjective complaints of pain. After carefully reviewing the record and applicable law, we affirm.[2]
 
 
 4
 Our review of the Secretary's decision is limited to determining "whether the record as a whole contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standards." Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1497-98 (10th Cir.1992). To make these determinations, we must carefully scrutinize the record. We may not, however, reweigh the evidence or substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 5
 At the time of the hearing before the ALJ, plaintiff was thirty-five years old. He completed ten grades in school but later received a general equivalency diploma. Throughout his working life he was a carpenter, having achieved the position of master journeyman. He was injured on May 23, 1988, while on the job. Since that time, he has had problems with his back, necessitating surgery in May of 1989. He maintains he has been disabled since the accident in 1988.
 
 
 6
 Plaintiff's primary challenge goes to the ALJ's analysis of his subjective complaints of pain.[3] Specifically, he maintains that the ALJ did not take those complaints into consideration when he made his findings. Plaintiff argues that his statements concerning the level of pain he experiences are sufficient to qualify him for benefits and disprove the ALJ's finding that he is capable of performing "light and sedentary" work. In addition, he urges this circuit to endorse Social Security Ruling 90-1p, now applicable only in the Fourth Circuit, see SSR 90-1p, Soc. Sec. Rep. Serv. 745 (West 1991), contending that ruling sets forth the appropriate analysis for considering the effect of pain on the disability determination.
 
 
 7
 In reviewing the Secretary's evaluation of plaintiff's claim, "[w]e must consider (1)whether Claimant established a pain-producing impairment by objective medical evidence; (2)if so, whether there is a 'loose nexus' between the proven impairment and the Claimant's subjective allegations of pain; and (3)if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling." Musgrave v. Sullivan, 966 F.2d 1371, 1375-76 (10th Cir.1992). Although the plaintiff presented objective evidence of a "pain-producing impairment," the ALJ found that his allegations of disabling pain are not credible.
 
 
 8
 The ALJ followed the appropriate analysis in determining that plaintiff's allegations of pain are insufficient to direct a finding of disability. In conjunction with plaintiff's testimony describing his pain, the ALJ considered, among other things, medical records, the opinion of a vocational expert, plaintiff's activities following surgery, his efforts to seek treatment, and medication levels. See, e.g., Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987). The ALJ also sought and received a consultative examination from a physician following the hearing.
 
 
 9
 "Credibility is the province of the ALJ." Hamilton, 961 F.2d at 1499. Therefore, absent record evidence to the contrary, we will treat the ALJ's determinations as binding. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990); see also Musgrave, 966 F.2d at 1376 (claimant's testimony of pain, without more, is insufficient to establish disability). Giving full consideration to all the evidence, we conclude the ALJ's decision is based on substantial evidence and should be affirmed.
 
 
 10
 Plaintiff also takes issue with the ALJ's determination that he can do light and sedentary work. Specifically, he maintains he cannot stand or sit for any length of time because of his pain. Further, he contends that the vocational expert admitted that a person with limitations similar to plaintiff's, but who also experienced severe and constant pain, could not perform light or sedentary work.
 
 
 11
 As stated, there is substantial evidence in the record to support the ALJ's decision to discredit plaintiff's allegations of disabling pain. Moreover, counsel for the plaintiff was able to prompt an advantageous response from the vocational expert only through assumption of facts not supported in the record. Consequently, the response given was not binding on the ALJ. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993).
 
 
 12
 Finally, we reject the invitation to adopt SSR 90-1p. The Social Security Administration was compelled to promulgate SSR 90-1p in response to the Fourth Circuit's holding in Hyatt v. Sullivan, 899 F.2d 329 (4th Cir.1990), that SSR 88-13 was subject to an interpretation violative of that circuit's precedent bearing on the determination of disabling pain. SSR 90-1p is only applicable in the Fourth Circuit's courts, and we are not persuaded to extend its coverage to this circuit. Regardless, neither SSR 88-13 nor SSR 90-1p requires a disability finding when plaintiff raises subjective complaints of pain. Rather, the court must still consider all the relevant objective and subjective evidence prior to making the disability determination. Luna, 834 F.2d at 164.
 
 
 13
 AFFIRMED.
 
 
 
 **
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Finding the appellant's appendix lacking, acting sua sponte we chose to supplement it with the record filed in the district court. We remind counsel that consideration of plaintiff's arguments requires review of a complete agency record
 
 
 [3]
 The ALJ made his decision at step five of the evaluation sequence used to make disability determinations. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (describing steps). He concluded that although plaintiff could not return to his past work, he retained the residual capacity to perform certain work of a light or sedentary nature