899 F.2d 329
 29 Soc.Sec.Rep.Ser. 217, Unempl.Ins.Rep. CCH 15326A
Patrick H. HYATT, SSN llj-lx-ouac Herman O. Caudle; Mary
P. Lovingood, on Behalf of themselves and all others
similarly situated; North Carolina Department of Human
Resources # 14, Plaintiffs-Appellees,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellant.
Patrick H. HYATT, SSN fjs-cg-xngh Herman O. Caudle; Mary
P. Lovingood, on Behalf of themselves and all others
similarly situated; North Carolina Department of Human
Resources # 14, Plaintiffs-Appellees,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellant.
 Nos. 88-2983, 89-2671.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 25, 1989.
Decided March 30, 1990.
As Amended April 5, 1990.
As Amended May 23, 1990.
Rehearing and Rehearing En Banc Denied May 25, 1990.
 
 Howard Stanley Scher (argued), U.S. Dept. of Justice, Washington, D.C., Stuart Schiffer, Acting Asst. Atty. Gen., William Kanter, Civil Div., U.S. Dept. of Justice, Washington, D.C.; Thomas J. Ashcraft, U.S. Atty., Charlotte, N.C., on brief, for appellant.
 John Robbins Wester (argued), Dan T. Coenen, Jane S. Ratteree, Robinson, Bradshaw & Hinson, P.A., Charles McB. Sasser, Cox, Gage & Sasser, on brief, Charlotte, N.C., for appellees.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 In this consolidated appeal, the Secretary of Health and Human Services challenges three orders in a class action suit which challenged the Secretary's policy of non-acquiescence in this circuit's law with respect to pain. The district court ordered the Secretary to issue a specific regulation with regard to the decision of pain cases in North Carolina under Fourth Circuit law. It additionally extended the class to include claimants whose claims were denied up until the point when the Secretary issued the new regulation. The district court also ordered the Secretary to keep the plaintiffs' counsel apprised of any new regulations dealing with pain cases for the next five years. The Secretary appeals, arguing that his pre-Hyatt regulation, SSR 82-58, was a correct statement of the law; that even if SSR 82-58 was not correct, the district court improperly expanded the class to include later claimants because his post-Hyatt regulations were consistent with Fourth Circuit law; that even if they were not consistent, the district court acted improperly in drafting a regulation; and that requiring the Secretary to report new regulations to the plaintiffs' counsel interferes too much with the Secretary's administrative processes. We affirm in part, require amendments, vacate in part, and remand.
 
 
 2
 The present case began as a class action which alleged that the Secretary did not follow the decisional law of the Fourth Circuit in adjudicating cases within the Fourth Circuit. The district court certified the class, enjoined the Secretary from not acquiescing in Fourth Circuit law, and granted attorneys' fees. Hyatt v. Heckler, 579 F.Supp. 985 (W.D.N.C.1984); Hyatt v. Heckler, 586 F.Supp. 1154 (W.D.N.C.1984). The Secretary appealed to this court. In the interim, Congress passed the Disability Benefits Reform Act of 1984 (DIBRA)[1] which had significant impact on the case. We vacated the district court's decision to allow the Secretary to reconsider his policy of non-acquiescence in light of DIBRA and held that the district court's class certification should not have included claimants for initial benefits who had not exhausted administrative remedies. Hyatt v. Heckler, 757 F.2d 1455 (4th Cir.1985) (Hyatt I ). The Supreme Court vacated our decision and remanded for us to further consider in light of Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Hyatt v. Bowen, 476 U.S. 1167, 106 S.Ct. 2886, 90 L.Ed.2d 974 (1986). On remand, we noted that "the separation of powers doctrine requires that administrative agencies follow the law of the circuit whose courts have jurisdiction over the cause of action." Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir.1986), cert. denied, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987) (Hyatt II ). We found not clearly erroneous the district court's finding of fact as to the Secretary's refusal to follow Fourth Circuit law regarding diabetes, hypertension, and pain. We compared the Hyatt claimants to the claimants in Bowen in that "they could not know that those adverse decisions had been made on the basis of a systematic unpublished irregularity." We declined, though, to affirm the injunctive relief, believing that such an action would be outside the remand order. We did note that the plaintiffs were the prevailing party because they achieved their principal goal of having their claims evaluated free of the Secretary's non-acquiescence policy.
 
 
 3
 On remand the district court ordered that the Secretary reevaluate the claims under Fourth Circuit law. Hyatt v. Heckler, 711 F.Supp. 837 (W.D.N.C.1989). The Secretary suggested reevaluation under a myriad of rulings including Social Security Ruling (SSR) 88-13, Program Operation Manual System (POMS) Secs. DI 24501.025, DI 24510.030, and DI 24515.060. The district court found that these instructions embodied "no meaningful change" from the Secretary's earlier non-acquiescence position. On August 8, 1988, the plaintiffs filed a motion for enforcement of the judgment. On October 21, 1988[2], the district court issued an order which found that the Secretary continued to deny, in violation of Fourth Circuit law, claims for disability in North Carolina because claimants could not present objective evidence of the degree of pain. In a March 31, 1989, order, the district court decided that the questioned POMS, SSR 88-13, and the Secretary's proposed Hyatt instructions do not conform to Fourth Circuit law because they do not state the rule in Myers v. Califano, 611 F.2d 980 (4th Cir.1980), do not acknowledge the Secretary's past policy of non-acquiescence, and retain part of SSR 82-58. The district court ordered the Secretary to cancel and rescind for North Carolina SSR 88-13, POMS Secs. DI 24515.060, DI 24501.025, and DI 24510.030. The district court drafted a new SSR on pain for the Secretary to distribute to North Carolina adjudicators and ordered the Secretary to give any new pain regulations to plaintiffs' counsel for the next five years. It also extended the closing date of the class from May 31, 1987, to the future date when the new SSR would be issued. The Secretary appeals from the orders of October 21, 1988, and March 31, 1989.
 
 
 4
 The Secretary begins by arguing that SSR 82-58 was ratified by Congress in DIBRA and therefore supersedes Fourth Circuit pain law. There is nothing in DIBRA, however, to support the Secretary's assertion that SSR 82-58 was codified by Congress when it enacted DIBRA. The fatal flaw in SSR 82-58 is that it goes beyond the requirements in DIBRA in requiring objective evidence. DIBRA requires objective medical evidence of an underlying condition that could reasonably produce the pain alleged. SSR 82-58 requires not only objective findings as to the underlying condition but requires objective findings as to the pain's intensity, persistence, and effect on the individual's work capacity. Such a position is contrary to Fourth Circuit case law. See Walker v. Bowen, 889 F.2d 47 (4th Cir.1989); Foster v. Heckler, 780 F.2d 1125 (4th Cir.1986); Myers v. Califano, 611 F.2d 980 (4th Cir.1980).[3] The Secretary's continuing effort to stand by SSR 82-58 is difficult to understand given our opinions in Hyatt I and Hyatt II. We remanded this case in order for the claims to be reconsidered free of the Secretary's policy of non-acquiescence. If, indeed, SSR 82-58 was a correct statement of the law, there would have been no need to reconsider the claims. Additionally, in Hyatt II, we found not clearly erroneous the district court's finding of fact that "a number of claimants were denied a complete evaluation of their actual ability to engage in substantial gainful activity solely because of the Secretary's regulation SSR 82-58." Hyatt v. Heckler, 807 F.2d 376, 379-80 (4th Cir.1986) (emphasis added). SSR 82-58 was and continues to be rejected by this court.
 
 
 5
 The Secretary further argues that DIBRA changed Fourth Circuit pain law. That argument is disposed of by the fact that we have previously found "the Disability Reform Act standard for evaluating pain to be consistent with prior case law of this Circuit." Foster v. Heckler, 780 F.2d 1125, 1129 n. 7 (4th Cir.1986).[4]
 
 
 6
 The Secretary next argues that the district court improperly found that he continued to apply the improper pain standard after DIBRA and therefore improperly expanded the class after May 31, 1987. The Secretary offers excerpts from POMS Sec. DI 24515.060, circulars sent to Office of Hearing and Appeals (OHA) adjudicators, his Hyatt instructions, and SSR 88-13 attempting to show compliance with circuit precedent. The district court found that the new pain instructions were insufficient to prevent further confusion and "inadequate to achieve compliance" with circuit precedent. It concluded that the Secretary's pain instructions issued since DIBRA convey the message to North Carolina adjudicators that there has been "no meaningful change" from his policy of non-acquiescence. We fail to see how this ruling is erroneous.
 
 
 7
 The district court based its conclusions on various factors including the fact that the Secretary's new pain regulation, SSR 88-13, states that its purpose is "to reiterate our policy on the evaluation of pain." That court also considered that the Secretary's refusal to inform social security adjudicators that its past policy regarding pain was improper needlessly confuses adjudicators. Such a refusal would seem to indicate the Secretary has not firmly decided to abandon his policy of non-acquiescence in circuit law.[5]
 
 
 8
 The district court also relied on the fact that significant parts of the new regulations are verbatim copies of the discredited SSR 82-58. One such example is found in POMS Sec. DI 24501.025 which is repeatedly referred to as authoritative in the Secretary's proposed instructions. In Sec. DI 24501.025, for example, the following language which we have underscored is identical to language in the discredited SSR 82-58:
 
 
 9
 Objective clinical findings which can be used to draw reasonable conclusions about the validity of the intensity and persistence of the symptom and about its effect on the individual's work capacity must be present. For example, in cases of back pain associated with disc disease, typical associated findings are muscle spasm, sensory loss, motor loss, and atrophy. There must be an objective basis to support the overall evaluation of impairment severity. It is not sufficient to merely establish a diagnosis or a source for the symptoms.
 
 
 10
 Such a requirement of objective evidence as to the pain's intensity is improper. As we said in an earlier opinion in this very case, "administrative law judges should evaluate the effect of pain on the claimant's ability to work when the pain results from a medically diagnosed physical ailment even though the pain's intensity is shown only by subjective evidence." Hyatt II, 807 F.2d at 379.
 
 
 11
 Another such verbatim borrowing[6] is found in POMS Sec. DI 24515.060, which borrows example 2 from SSR 82-58.[7] Section DI 24515.060(F) analyzes the example of a claimant where the "objective medical evidence supports a finding that the claimant has a severe physical impairment but does not substantiate the alleged degree of limitation due to pain." It continues to state that:
 
 
 12
 [A] further review of the medical evidence fails to establish the presence of any objective findings, (e.g., muscle spasm, sensory or motor loss, leg pain or muscle wasting), typically associated with the type to functionally limiting back pain alleged by the claimant. Thus, the evidence does not support a reasonable conclusion that additional pain related physical or functional restrictions exist beyond those imposed by the effects of the documented spinal fusion.
 
 
 13
 (Emphasis added.) Certainly such a passage is reasonably read to say that when there are no objective clinical findings substantiating the alleged pain that the proper finding is to ignore the claimants' testimony regarding the degree of pain. Such a rule ignores cases such as Walker v. Bowen, 889 F.2d 47 (4th Cir.1989), and Foster v. Heckler, 780 F.2d 1125 (4th Cir.1986). The regulation continues, it is true, after making the above conclusion as to the proper result, to state that the adjudicator should consider other factors in analyzing the pain. Although some adjudicators could have read all of POMS Sec. DI 24515.060(F) in a manner consistent with circuit precedent, a valid and reasonable reading is to require objective findings regarding pain and its intensity and persistence.
 
 
 14
 Such a system of incorporating portions of the old regulations into the new regulations coupled with the Secretary's statement of purpose in SSR 88-13 "to reiterate our policy on pain" may only state to the social security adjudicators that nothing has changed in the Secretary's policy of non-acquiescence in circuit law on pain.
 
 
 15
 The district court also relied on the fact that nowhere in the maze of regulations, circulars, POMS, and other directives does the Secretary make a clear positive statement of the circuit's rule regarding pain. Although the Secretary occasionally makes statements in those papers that are consistent with circuit law, he never makes a clear expression of the circuit rule necessary to eliminate confusion on the part of social security adjudicators. Even at oral argument of this case, his attorneys took the position that such was "simply unnecessary" because the correct criteria had been otherwise set out, which is not entirely the case.
 
 
 16
 Because no order of this court setting aside SSR 82-58 was, in the technical sense, final until October 5, 1987, when the Supreme Court denied certiorari in Nos. 84-1381 and 85-2240, it is arguable, and perhaps even correct, that the Secretary's insistence on the validity of SSR 82-58 was justifiable although two decisions of this court had found the same to be invalid. However, even when the Secretary superseded SSR 82-58 with SSR 88-13 on July 20, 1988, he described SSR 88-13 as being "to reiterate our policy on the evaluation of pain" (emphasis added) in the first paragraph of the substance of the ruling, and at the end of the ruling explained that the ruling's effective date was August 20, 1980, the same date of SSR 82-58 which had been invalidated, at the latest, by the Supreme Court's denial of certiorari on October 5, 1987. Certainly this later expressed adherence to the previously discredited regulation does not lend credence to the Secretary's assertion of acquiescence in circuit law. And as recently as January 26, 1988, the Regional Chief Administrative Law Judge for a multi-state area which includes North Carolina advised all regional social security adjudicators that:
 
 
 17
 [S]ubjective complaints [which he earlier defined as including pain], no matter how forcefully articulated, cannot be credited unless clinically substantiated. These principles can be rationally applied to disability cases. However, their application will inevitably result in decisions which deny compelling, albeit unsubstantiated claims. The courts have at times sought to find ways to award such claims. This has created a tension between Congressional intent and the court's inclination to substitute compassion for rational decision making.
 
 
 18
 In view of the foregoing facts, and although some of the relief granted by the district court is amended or even vacated, the principal thrust of this opinion is not changed and is to the effect that the district court's impression of the whole case was correct; the Secretary has not acquiesced in Fourth Circuit law on pain. The difference so far as relief is concerned we will address later.
 
 
 19
 The Secretary further argues against the expansion of the class by contending that the plaintiffs have not shown a "system-wide, unrevealed policy" that disregards the law citing Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, in Hyatt II, 807 F.2d at 381, we found that the evidence "depicted a systematic, unpublished policy that denied benefits in disregard of the law." We believe that the evidence of events since Hyatt II demonstrates little diminution in the continuation of that policy by the Secretary. Therefore, we find no error in the district court expanding the class to a date in the future when the policy of non-acquiescence by the Secretary has ended.
 
 
 20
 Three orders of the district court were appealed from, the orders of October 7, 1988, October 21, 1988, and March 31, 1989. The first two of those orders were declaratory and described the relief to later be awarded. Relief was awarded in the order of March 31, 1989. In general, the order of March 31, 1989, provided for entry of a social security ruling (SSR) composed by the district court with respect to pain as a disabling condition; for directions to the Secretary with respect to some of his actions and regulations with respect to pain; for monitoring of future regulations with respect to pain for a period of five years by plaintiffs' counsel; that decisions rendered in redeterminations under the court's order be forwarded to plaintiffs' counsel for contempt proceedings to enforce its order; and for reconsideration for those disability claimants whose claims were denied prior to the date the district court's order was given effect by the Secretary.
 
 
 21
 We affirm in all respects paragraph 7 of the order of March 31, 1989, with respect to reconsideration of claims except that the cutoff date should be the date that the substance of this opinion is given effect by the Secretary.
 
 
 22
 We affirm the directions of the district court to rescind POMS Secs. DI 24501.025 and DI 24515.060, and direct that the same be rescinded in this circuit.
 
 
 23
 The district court also ordered the rescission of POMS Sec. DI 24510.030, apparently for the reason that it contains the following language:
 
 
 24
 The absence of such history and objective clinical findings, with few exceptions, will be inconsistent with a conclusion that the symptom diminishes functional capacity.
 
 
 25
 If the words "history and" were omitted from that section, it would undoubtedly be invalid as against circuit law we will later state. But the complete absence of both any history of pain and objective clinical finding as to pain would, of course, justify a decision against the claimant. In our opinion, action on this regulation must be remanded to the district court to ascertain its true meaning, which we are unable to do from the record in the case. Neither have the parties offered any suggestion along this line.
 
 
 26
 The district court ordered a rescission of SSR 88-13 because it provided that it was a reiteration of previous policy and its effective date was August 20, 1980, rather than a more current date such as the one upon which it was promulgated. The district court's objections to this ruling are valid; however, we think setting aside the ruling on this account only is unnecessary. Should the Secretary wish to amend the ruling to make it clear that it is not a reiteration of previous policy and that it has a more current effective date which does not adopt rejected policy, then the regulation may remain in effect. If the Secretary does not choose to make these changes, the order of the district court requiring rescission of the regulation is simply affirmed, and the same will be rescinded in this circuit.
 
 
 27
 We think that the provisions of paragraph 4 with respect to prospective contempt are unnecessary and that each instance in which contempt may be charged should be treated as a separate matter. We also think that the provisions of paragraph 6 with respect to contempt are unnecessary for the same reason. Without in any way limiting the power of the district court to enforce its orders by contempt, paragraph 4 of its order is vacated, as are the provisions with respect to contempt in paragraph 6.
 
 
 28
 We construe the provisions of paragraph 6 which relate to redetermination as relating to class members, and on that basis affirm the order providing that those decisions be sent to plaintiffs' attorneys.
 
 
 29
 We are of opinion that the provisions of paragraph 5 with respect to the monitoring of future regulations represent too great an intrusion into affairs of the executive branch of the government to be sustained by the facts of this case. Paragraph 5 of the order is vacated. See also n. 8, infra.
 
 
 30
 Unless otherwise hereinabove specifically mentioned, all of the provisions of paragraphs 1, 2, and 3 of the order are amended to read as follows:[8]
 
 
 31
 On or before 30 days after the entry of this order, the Secretary will distribute immediately to all administrative law judges and all others within this circuit who look to the Secretary for authority or advice in the decision of social security cases with respect to pain as a disabling condition, the following circuit law with respect thereto. The precise means of distributing the same or of giving effect to the same are left to the Secretary, however the Secretary will make it clear that there will not be any variation from the terms thereof in decision-making in this circuit, absent an order of a court of competent jurisdiction or Act of Congress.
 
 
 32
 Once an underlying physical or mental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motory disruption), if available, should be obtained and considered. Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.[9]
 
 
 33
 The Secretary will advise all those persons mentioned above to whom this order is distributed that any regulations and authority to the contrary are to be disregarded.
 
 
 34
 The orders of the district court appealed from are accordingly
 
 
 35
 AFFIRMED IN PART, AMENDED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.[10]
 
 
 
 [1]
 DIBRA's pain standard has since expired by its own terms on December 31, 1986. See Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, Sec. 3(a)(3)
 
 
 [2]
 The district court had earlier issued an order on October 7, 1988, but clarified it with the October 21 order
 
 
 [3]
 Additionally, the Secretary's position on pain was rejected by every circuit in the country, with the exception of the D.C. Circuit. Nevertheless, the Secretary continued his policy of non-acquiescence. See House Report No. 98-618 on DIBRA at 24, reprinted in 1984 U.S.Code Cong. & Ad. News at 3038, 3061
 
 
 [4]
 We are not persuaded by the Secretary's reliance on note 5 of Hyatt II which notes that DIBRA "supersedes the law of the circuit for purposes of remand of pending cases." This merely notes that a new statutory standard supersedes earlier case law if they are inconsistent. As we noted in Foster, DIBRA and Fourth Circuit pain law are not inconsistent, however
 
 
 [5]
 The Secretary's continued defense of the fully discredited SSR 82-58 further supports the inference that the Secretary has not fully abandoned his policy of non-acquiescence
 
 
 [6]
 We do not attempt to catalog every instance where the Secretary borrowed language from the discredited regulation. We merely list two to illustrate the pattern
 
 
 [7]
 The Secretary has represented to us that he has since withdrawn all examples from POMS Sec. DI 24515.060 in December 1988. Any December 1988 removal of the examples would not detract from our analysis, however, as it bears on the Secretary's policy of non-acquiescence until removal. In point of fact, however, an examination of the POMS files in the Social Security Administration library in Baltimore, Maryland, the Social Security Administration library in Bristol, Virginia, and the library of the Social Security Administration's Administrative Law Judges in Kingsport, Tennessee, discloses that the offending example has not been removed unless removal has been effected by separate document not brought to our attention. So we treat the example as extant
 
 
 [8]
 While it has been held that courts have the power to draft agency regulations, Schisler v. Bowen, 851 F.2d 43 (2d Cir.1988), we think the proper rule is that such power should be exercised only in circumstances more extreme than those present here and that, in the ordinary case, the administrative agency should first be given the chance to draft its own regulations. See generally Vermont Yankee Nuclear Power Corp. v. NRDC, 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978); Chevron USA, Inc. v. Natural Resources Defense Council, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); SEC v. Chenery Corp., 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). On that account, we reduce considerably the length and detail which the district court prescribed in giving its directions to the Secretary as what to direct those who followed him or who looked to him for advice. We also have vacated large parts of the district court's order, by way of amendment, which required a specific manner in which this was to be done, and leave such to the Secretary in the first instance
 
 
 [9]
 Except for one word we have changed, this is copied en haec verba from the district court's proposed SSR found at 711 F.Supp. at 845
 
 
 [10]
 We emphasize for those who use this opinion that we review judgments, not opinions. Black v. Cutter Laboratories, 351 U.S. 292, 297, 76 S.Ct. 824, 827, 100 L.Ed. 1188 (1956). With that in mind, the order of March 31, 1989, which granted the relief that we review, appears verbatim at 711 F.Supp. 837, 843-44. Although the gist of our opinion is generally to affirm the orders appealed from, that should not be taken to mean that we approve all of the discussion in the various opinions and orders of the district court or any incidental matters it may have decided unless the same are discussed in our opinion