**Patrick H. HYATT, Herman O. Caudle and Mary P. Lovingood, Plaintiffs,**

v.

**Louis W. SULLIVAN, Secretary of the United States Department of Health and Human Services, Defendants.**

**No. C–C–83–655.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 1, 1991.

Charles M. Sasser, Legal Services of Southern Piedmont, Inc., John Wester, Robinson, Bradshaw & Hinson, P.A., Charlotte, N.C., for plaintiffs.

U.S. Atty. Jason Baron, Office of General Counsel, Dept. of HHS, Baltimore, Md., for Dept. of N.C. Human Resources.

Jeffrey L. Bishop, Charlotte, N.C., U.S. Atty. Clifford Marshall, Asheville, N.C., for defendants.

ORDER

McMILLAN, District Judge.

In *Hyatt v. Sullivan*, 899 F.2d 329 (4th Cir.1990), the United States Court of Appeals for the Fourth Circuit stated:

"Should the Secretary wish to amend the ruling [SSR 88–13] *to make it clear that it is not a reiteration of previous policy and that it has a more current effective date which does not adopt rejected policy,* then the regulation may remain in effect. *If the Secretary does not choose to make these changes, the order of the district court requiring rescission of the regulation is simply affirmed, and the same will be rescinded in this circuit.*"

*Id.* at 336 (emphasis added).

Subsequent to the above Fourth Circuit decision, the Secretary promulgated SSR 90–1p, as an ostensible compliance with the circuit court's decision.

However, SSR 90–1p *still* contains language that implies that rulings which have been held invalid in this circuit remain in effect.

In the second sentence of the section of SSR 90–1p entitled "PURPOSE," the Secretary states, in obvious error:

"In a recent decision in *Hyatt v. Sullivan,* the Court of Appeals for the Fourth Circuit found that SSR 88–13 *was consistent* with Fourth Circuit law." (Emphasis added.)

This statement is false. The Fourth Circuit, in the passage quoted above, in fact held that SSR 88–13 *could be changed* by the Secretary *so as to conform with* Fourth Circuit law, but that:

"*If the Secretary does not choose to make these changes, the order of the district court requiring rescission of the regulation is simply affirmed, and the same will be rescinded in this circuit.*"

In the second sentence of the section of SSR 90–1p entitled "EFFECTIVE DATE," the Secretary states:

"This Ruling is being *reissued* now to address *concerns expressed* in the Fourth Circuit's recent decision in *Hyatt v. Sullivan* that any prior Agency instructions on pain which may have been interpreted as contrary of the law of the Fourth Circuit must be disregarded." (Emphasis added.)

In light of the Fourth Circuit's determination that SSR 88–13 should be amended "to make it clear that it is not a reiteration of previous policy," the use of the word "reissued" in the "EFFECTIVE DATE" section of SSR 90–1p is misleading.

Furthermore, the Fourth Circuit did not merely "express concerns"; the Fourth Circuit *held* that unless SSR 88–13 is amended to comply with Fourth Circuit law, the regulation "*will be rescinded in this circuit.*"

The Secretary has not amended SSR 88–13 to comply with the mandate of the Fourth Circuit Court of Appeals. It is not the business of this court to write regulations for administrative agencies. However, in case the Secretary wants an opinion from this court as to how SSR 90–1p can be amended to comply with the controlling decisions of the Fourth Circuit, those changes can, as far as this court is concerned, be accomplished by:

(1) eliminating the paragraph entitled "PURPOSE," and

(2) amending the last sentence of the paragraph entitled "EFFECTIVE DATE" to read:

"This Ruling is being issued now to comply with the Fourth Circuit's recent decision in *Hyatt v. Sullivan* that any prior Agency instructions on pain which may have been interpreted as contrary to the law of the Fourth Circuit must be disregarded."

The Secretary is hereby ORDERED to amend SSR 90–1p to comply with the Fourth Circuit's decision in *Hyatt v. Sullivan,* 899 F.2d 329 (4th Cir.1990), not later than thirty (30) days after entry of this Order, and to advise this court immediately when that has been done.

In its most recent decision in *Hyatt,* the Fourth Circuit found that "the evidence of events since *Hyatt II* demonstrates little diminution" in the Secretary's "systematic, unpublished policy that denie[s] benefits in disregard of the law." *Id.* at 335.

Therefore, the Secretary is hereby ORDERED to cease, immediately upon receipt of this Order, his policy of disregarding the law of the Fourth Circuit in any way that denies benefits to claimants who are entitled to those benefits.

"*Without in any way limiting the power of the district court to enforce its orders by contempt,*" the Fourth Circuit found that the provisions of this court's March 31, 1989 order "with respect to *prospective* contempt are unnecessary." *Id.* at 336 (emphasis added).

This court sincerely hopes that the Secretary will not compel this court to enforce its orders by contempt proceedings.