39 F.3d 1175
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary J. ARTIS-FLOWERS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2405.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 9, 1994.
Decided: October 27, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-673-3)
 Charles D. Bennett, Jr., Fredericksburg, Virginia, for Appellant.
 Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Robert S. Drum, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services, Philadelphia, Pennsylvania; Helen F. Fahey, United States Attorney, Nicholas S. Altimari, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Mary J. Artis-Flowers appeals the decision of the district court granting summary judgment to the Secretary of Health and Human Services, and upholding the Secretary's denial of Artis-Flowers's application for social security disability benefits because ArtisFlowers was not disabled under the Social Security Act. Because we find the Secretary's decision to be supported by substantial evidence, we affirm.
 
 
 2
 Artis-Flowers filed her application for social security disability benefits on October 1, 1990, claiming disability since March 15, 1984, because of a 1971 work-related injury, water brash, hiatal hernia, gastrointestinal reflux, hypertension, arthritis, and adhesions of the stomach and intestines. Her last insured date was December 31, 1989.
 
 
 3
 At her hearing before an administrative law judge (ALJ) on October 31, 1991, the ALJ determined that Artis-Flowers's impairments had progressed to the stage that she was disabled at the time of the administrative hearing. However, he concluded that neither the testimony of Artis-Flowers or her husband, nor the medical evidence, were sufficient to establish that Artis-Flowers's impairments were disabling as of her last insured date.
 
 
 4
 Artis-Flowers claims that the ALJ's decision is not supported by substantial evidence. The language of 42 U.S.C.A. Sec. 405(g) (West Supp.1994), precludes a de novo review of the evidence and requires that this Court, like the district court, uphold the Secretary's decision that a claimant is not disabled if that decision is supported by substantial evidence, and if the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). The Supreme Court has defined substantial evidence as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is'substantial evidence.' " Hays v. Sullivan, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)). This Court will not reweigh the evidence or substitute its judgment for that of the ALJ. Hays, 907 F.2d at 1456.
 
 
 5
 Here, the ALJ found that Artis-Flowers had not engaged in substantial gainful activity since March 15, 1984, but determined that she did not have a severe impairment as of December 31, 1989, listed in, or medically equal to one listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Regulation No. 4 (1991), and thus was not entitled to social security disability benefits. In reaching this determination, the ALJ specifically considered Artis-Flowers's subjective pain complaints.
 
 
 6
 The ALJ must consider objective medical facts and opinions and the diagnoses of treating and examining doctors, which constitute a major part of the proof in disability cases. McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir.1983). Here, the ALJ found that the medical evidence supported Artis-Flowers's ability to perform a full range of sedentary and light work with no significant nonexertional limitations prior to the expiration of Artis-Flowers's insured status on December 31, 1989. Specifically, the ALJ relied on Artis-Flowers's description of her former job as a receptionist, the fact that the significant knee problem from which Artis-Flowers now suffers was not diagnosed until January 1991, more than a year after her insured status expired, and the fact that the five-pound lifting restriction, and limitations on standing and walking, were not imposed until almost two years after her insured status expired.
 
 
 7
 Moreover, the doctors' progress notes between March 1988 and December 31, 1989, do not reflect any significant deterioration in Artis-Flowers's medical status. Upper gastrointestinal studies performed in 1988 and 1989 did not reveal any evidence of ulcer, and were "essentially unremarkable" in terms of revealing any significant abnormality. Evaluations of Artis-Flowers's lumbosacral spine showed minimal findings (mild spine curvature and some disc space narrowing). As the Secretary noted, "low back pain" does not appear in the medical records until November 3, 1990. The medical evidence does not demonstrate that Artis-Flowers's hiatal hernia or arthritic symptoms were of disabling severity on or before December 31, 1989. Further, not one medical report states that Artis-Flowers was incapable of sedentary or light work as of December 31, 1989.
 
 
 8
 Based on a review of the record, we find that substantial evidence supports the Secretary's conclusion that Artis-Flowers was not disabled for social security purposes as of December 31, 1989. In reaching this conclusion, we further find that the ALJ properly considered Artis-Flowers's subjective pain complaints, as required by applicable law. See Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir.1990); Foster v. Heckler, 780 F.2d 1125, 1128-29 (4th Cir.1986). Finally, we affirm the district court's holding that it was not necessary that the ALJ consider testimony of a vocational expert regarding transferability of skills in light of his finding that Artis-Flowers was capable of performing her past relevant work.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED