46 F.3d 1130
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William WITTLER, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary Of Health And Human Services,
Defendant-Appellee.
 No. 93-2409.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 17, 1995.
Decided: February 2, 1995.
 
 William Wittler, appellant pro se. Robert Drum, United States Department of Health & Human Services, Philadelphia, PA, for appellee.
 Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Wittler appeals the decision of the district court upholding the determination of the Secretary of Health and Human Services (the Secretary) that Wittler was not eligible for disability insurance benefits or supplemental security income because he was able to perform sedentary work during the period he was eligible for disability benefits. Because we find the denial of benefits to be supported by substantial evidence, we affirm the judgment of the district court.[1]
 
 I.
 
 2
 William Wittler was born on December 4, 1936. He completed nine years of schooling. He was fifty-two years old on December 31, 1988, when he last met the special earnings requirement for being entitled to disability benefits pursuant to 42 U.S.C.A. Sec. 423(c) (West 1991). Thus, Wittler is only eligible for disability benefits up to December 31, 1988. He was employed as a long haul trucker on August 27, 1987, his alleged onset date of disability.
 
 
 3
 Wittler applied for disability insurance benefits in January 1991, alleging disability since August 27, 1987. The issue before the ALJ was whether Wittler had established a disability during the time period he was eligible for disability benefits. The ALJ determined that Wittler retained the ability to perform routine sedentary work in an ordinary work environment on and before December 31, 1988. Because Wittler could perform alternate work in the national economy on and before December 31, 1988, the ALJ determined that Wittler was not entitled to disability insurance benefits. The ALJ's decision became the final decision of the Secretary.
 
 II.
 
 4
 This Court must uphold the Secretary's disability determination if it is supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (1994). The Supreme Court has defined substantial evidence as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).
 
 
 5
 The ALJ makes factual determinations and resolves evidentiary conflicts, including inconsistencies in the medical evidence. Reviewing courts do not weigh evidence anew or substitute their judgment for that of the Secretary, provided that substantial evidence supports the Secretary's decision. Hays, 907 F.2d at 1456.
 
 
 6
 A five-step sequential test is used for determining whether a person is disabled and, hence, entitled to social security benefits. See 20 C.F.R. Sec. 404.1520.[2] The ALJ first concluded that Wittler did not demonstrate the capacity to engage in substantial gainful activity since his alleged onset date of disability. 20 C.F.R. Sec. 404.1520(b); 20 C.F.R. Sec. 404.1520(a).
 
 
 7
 At the second step, the ALJ concluded that Wittler suffered from "severe" impairments because he has a history of musculoskeletal problems, sustained a neck injury in an accident in August 1987, underwent neck surgery, and has been under treatment for high blood pressure. 20 C.F.R. Secs. 404.1509, 404.1520(c).
 
 
 8
 If the claimant was severely impaired, the analysis proceeds to step three, where the inquiry is whether the impairment meets or equals one listed in 20 C.F.R. Sec. 404, Subpart P, App. 1, which are acknowledged as so severe as to preclude substantial gainful activity. 20 C.F.R. Sec. 404.1520(d). The ALJ found that although Wittler has a history of musculoskeletal problems and has undergone a neck operation, no impairment in the list has been satisfied because there is no documentation of significant and persistent neurologic deficits or other indicia of marked musculoskeletal pathology. No specific cardiovascular listing was satisfied because, although Wittler had been treated for high blood pressure, there is no documentation of advanced hypertensive pathology or end organ involvement. Despite Wittler's allegations of having an alcohol abuse problem, his alleged alcoholism did not prevent him from working as a truck driver, and the stigmata of advanced alcohol abuse such as liver damage or alcoholic seizures were not present.
 
 
 9
 After a psychiatric evaluation in March 1991, Dr. Beran reported that Wittler was suffering from depression. An evaluation by Dr. Noonberg in November 1990, however, showed Wittler did not suffer from any significant psychological impairment. Dr. Noonberg opined that no psychological treatment was necessary and that Wittler had no motivation whatsoever to return to work. Considering Dr. Beran's report and Wittler's allegations, the ALJ determined that Wittler did suffer from a severe medically determinable, mental impairment in the form of a depressive disorder, as of December 31, 1988. However, although Wittler's depression may have satisfied the "A" criteria for disability under Listing 12.04 as of December 31, 1988, statements from Wittler failed to document marked functional limitations of sufficient severity to meet the "B" criteria for disability under the Listing of Impairments.[3]
 
 
 10
 At the fourth step, the ALJ concluded that Wittler was prevented from performing his past relevant work prior to the date he last met the special earning requirements because his past relevant work required heavy exertion. 20 C.F.R. Sec. 404.1520(e). If the claimant does not have the residual functional capacity to perform past relevant work, at the fifth and final step, "the burden shifts to the Secretary to produce evidence that others jobs exist in the national economy that the claimant can perform considering his age, education, and work experience." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1993); 20
 
 
 11
 C.F.R. Sec. 404.1520(f). If work exists in the national economy, there is no disability.
 
 
 12
 The ALJ found after considering all of Wittler's exertional and nonexertional impairments both singly and in combination, and the total limiting effects resulting from them, Wittler retained the residual functional capacity to perform a wide range of routine sedentary work activities in ordinary work environments through December 31, 1988, the date he last met the special earnings requirements. In disagreeing with the ALJ's findings, Wittler contends that the ALJ neglected certain evidence.
 
 
 13
 The ALJ concluded that Wittler had the residual functional capacity for sedentary work after considering the unremarkable medical findings reported prior to the date Wittler last met the special earnings requirements, as well as his release for work activity in 1988 by Chesapeake Medical Specialists, and Wittler's subsequent release for work by Dr. Korotki and Dr. Ordonez in 1989.
 
 
 14
 Dr. Walen, Wittler's treating physician, stated in 1992 that Wittler was "totally disabled." This Court has held that "the opinion of a claimant's treating physician must be given great weight." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987). However, this Court has also stated that if the medical testimony from examining or treating physicians goes both ways, an ALJ's determination that agrees with the non-examining physician's opinion should stand, if the ALJ states what weight was given to the evidence. Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir.1984).
 
 
 15
 The ALJ accorded more weight to the opinions of Dr. Korotki, Dr. Ordonez, as well as the Chesapeake Medical Specialists, stating that Wittler was capable of employment prior to December 31, 1988. The ALJ relied on these opinions because they were expressed contemporaneously. In addition, Dr. Walen conceded that there was no organic basis to support Wittler's disability. Finally, Dr. Walen's 1992 statement is inconsistent with his 1990 statement that Wittler could perform work not requiring lifting, carrying, pushing or pulling more than twenty pounds. Thus, the record contains substantial evidence contradicting Dr. Walen's assessment and supporting the ALJ's determination.
 
 
 16
 The ALJ also evaluated the effect Wittler's medical problem had on his residual functional capacity for sedentary work. Dr. Beran stated in March 1991 that Wittler had suffered from progressive depression since his accident in August 1987. Furthermore, Wittler testified at the hearing that he suffered from mental problems. However, Wittler was previously able to engage in work activity. In addition, he has not required any prior psychiatric treatment or institutionalization. Finally, the ALJ found that Wittler's testimony and demeanor at the hearing did not reflect the presence of any severe, incapacitating mental impairment. Therefore, the record contains substantial evidence supporting the ALJ's conclusion, which is consistent with Dr. Noonberg's assessment, that Wittler was not prevented from engaging in routine work activity in ordinary environments through December 31, 1988, because of his mental problems.
 
 
 17
 The ALJ properly evaluated Wittler's subjective complaints of incapacitating pain in accordance with Social Security Rule 90-1P. Wittler's own subjective allegation that he is unable to work is insufficient, by itself, to establish disability. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986). However, if a physical condition that could reasonably be expected to cause pain is revealed by objective medical evidence, the ALJ must evaluate the disabling effects of the claimant's pain, as demonstrated through subjective evidence. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir.1990).
 
 
 18
 Prior to 1989, Wittler's medical problems were amenable to conservative treatment. In addition, his treating physicians repeatedly released Wittler for work activity despite his alleged incapacity. As the ALJ noted, although his statements conflicted with his testimony at the hearing, Wittler's testimony at the hearing concerning the severity of his medical symptoms and functional limitations was very vague and evasive. Thus, the ALJ concluded that Wittler's testimony lacked credibility. Finally, after a psychological evaluation in November 1990, Dr. Noonberg reported that Wittler was a "poorly reliable historian." Dr. Noonberg further opined that "Mr. Wittler has no motivation whatsoever to return to work at this time and will likely sabotage attempts to return him to work." In 1990, Dr. Walen reported that Wittler did not have any convincing objective evidence of an organic disease which would justify viewing him as suffering from a limiting organic condition. Thus, the record contains substantial evidence to support the ALJ's finding that Wittler's complaints of pain did not affect his residual functional capacity to perform a wide range of routine sedentary work.
 
 
 19
 With regard to the availability of other jobs in the national economy that Wittler could have performed, the vocational expert testified that Wittler's past relevant work constituted semi-skilled employment. Thus, Wittler acquired multiple transferable work skills from his past relevant work including record keeping and driving ability. Given Wittler's age, education, prior work history and his residual functional capacity, the vocational expert testified that Wittler could have performed such work activity as dispatcher, security guard, and messenger. The vocational testimony showed that there were thousands of such jobs in existence in the national economy. Therefore, the ALJ properly applied Grid Rule 201.11 as a framework for determining that Wittler was "not disabled" at any time through December 31, 1988.
 
 
 20
 Accordingly, we affirm the district court's grant of Defendant's motion for judgment on the pleadings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The case was decided by a magistrate judge with the parties' consent. 28 U.S.C. Sec. 636(c) (1988)
 
 
 [2]
 All references to the C.F.R. are to the 1994 edition of the regulations
 
 
 [3]
 The record does not document that, as a result of his mental disorder, Wittler suffered from a marked restriction of daily activities, marked difficulties in maintaining social functioning, frequent deficiencies in concentration, or repeated episodes of decompensation in work or work-like settings