**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES W. WILSON,
<u>Plaintiff-Appellant,</u>

v.

No. 95-2634

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CA-94-41)

Submitted: September 10, 1996

Decided: September 27, 1996

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

H. Russell Vick, Greensboro, North Carolina, for Appellant. Wal-
ter C. Holton, Jr., United States Attorney, Benjamin H. White, Jr.,
Assistant United States Attorney, Arthur J. Fried, General Counsel,
Randolph W. Gaines, Acting Principal Deputy General Counsel,
A. George Lowe, Acting Associate General Counsel, Litigation
Division, Douglas Cohen, Office of the General Counsel, SOCIAL
SECURITY ADMINISTRATION, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Wilson filed claims for a period of disability, disability insurance benefits and Supplemental Security Income for health problems stemming primarily from several back surgeries. Wilson had two previous periods of disability, from June 1976 through February 1978 and from September 1980 through September 1985. In the current application, the administrative law judge (ALJ) initially denied benefits. On remand from the Appeals Council, the ALJ again denied benefits; the Appeals Council upheld this decision, and the district court found that substantial evidence supported the decision of the Commissioner. On this appeal, Wilson raises two issues: (1) the ALJ erred in evaluating Wilson's subjective complaints of pain; and (2) the ALJ's finding of alternative work capacity was not supported by substantial evidence. We affirm.

We must uphold the decision of the Commissioner if it is supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971). This evidence may be more than a scintilla but less than a preponderance. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

I

A two-step process is used to determine whether a claimant is disabled by pain. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b) (1996); Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the pain and the extent to which it affects a claimant's ability to work

2

must be evaluated. Id. at 595. When a claimant proves the existence of a medical condition that could cause pain, "the claimant's subjective complaints of pain must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (1996).

The ALJ found that Wilson suffers from severe impairments of the musculoskeletal system. He found the pain described by Wilson to be consistent with chronic back symptomology, but not of such proportions as to preclude substantial gainful employment. In reaching this conclusion, the ALJ properly considered Wilson's reports of pain, his daily activities and work history, the opinions of treating and examining physicians based on objective findings and subjective symptoms, the medication and other types of treatment for pain which Wilson reported, and other factors. Based on all these factors, the ALJ concluded that Wilson's reports of disabling pain were not credible. See Craig, 76 F.3d at 594-96. Substantial evidence supports this finding.

II

Because Wilson satisfied the ALJ that he could no longer perform his past work, the burden shifted to the Commissioner to show that he could perform other substantial gainful activity. 20 C.F.R. §§ 404.1520(f), 416.945 (1996). The ALJ concluded that Wilson had the ability to do light work which did not require frequent stooping or bending, with a sit/stand option. The ALJ consulted the vocational expert (VE) to determine whether work was available in the national economy that Wilson could perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). The VE testified that significant jobs existed in the national economy for someone with the described limitations. These jobs included a wire worker in the electronic components industry; a bench assembler in various industries; a subassembler and assembler of electrical accessories; a polypacker and heat sealer in the personal

3

protection and medical development industries; and an injection molding machine offbearer. The VE stated that such jobs existed in significant numbers. The ALJ did not ultimately find manual dexterity to be one of Wilson's limitations. Nonetheless, the ALJ added the possibility of a worker with no fine manual dexterity; the VE opined that a person with this additional limitation could work as a folding machine operator in the hat and cap industry, injection machine tender in the plastics industry, or machine tender in the toys and games industry. Although Wilson contests whether the ALJ adequately considered Wilson's sit/stand limitations, we agree with the district court that the ALJ properly consulted the VE on this issue, and the VE opined that such needs could be accommodated with the jobs discussed.

As we conclude that the Commissioner's ruling is supported by substantial evidence, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4