**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN C. RUSSELL,
<u>Plaintiff-Appellant,</u>

v.
                                          No. 96-1822
SHIRLEY S. CHATER, COMMISSIONEROF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James C. Turk, District Judge.
(CA-92-95-A)

Submitted: April 8, 1997

Decided: April 25, 1997

Before MURNAGHAN and HAMILTON, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ginger J. Largen, J. D. Morefield, MOREFIELD, KENDRICK,
HESS & LARGEN, Abingdon, Virginia, for Appellant. James A.
Winn, Acting Chief Counsel, Region III, Masayo Howell, Assistant
Regional Counsel, Office of General Counsel, SOCIAL SECURITY
ADMINISTRATION, Philadelphia, Pennsylvania; Robert P. Crouch,
Jr., United States Attorney, Julie C. Dudley, Assistant United
States
Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John C. Russell filed a claim with the Social Security Administra-
tion in March 1991 for Supplemental Security Income, alleging dis-
ability commencing September 11, 1990, due to neck and back pain
and problems with his left arm. After denial and reconsideration,
Rus-
sell requested a hearing before an Administrative Law Judge (ALJ).
The ALJ decided that Russell was not disabled under the Social
Security Act. The Appeals Council denied Russell's request for
review. The ALJ's decision then became the Commissioner's final
decision. Russell filed an action seeking review of the final
decision
in district court. The district court remanded Russell's claim for
fur-
ther development and review and utilization of a vocational expert.
An ALJ held a supplemental hearing at which a vocational expert
appeared and testified. The ALJ found that for the benefits period
in
question, Russell had the residual functional capacity to perform
light
work with certain non-exertional restrictions. The Appeals Council
denied Russell's subsequent request for review, and the ALJ's deci-
sion became the final decision of the Commissioner.

Russell filed a complaint in the district court challenging the
final
decision of the Commissioner after remand from the district court.
The parties each filed motions for summary judgment. A magistrate
judge recommended granting the Commissioner's motion for sum-
mary judgment and denying Russell's summary judgment motion.
The district court agreed with the recommendation and entered the
order. This appeal followed.

We review the Commissioner's final decision to determine whether
it is supported by substantial evidence and whether the correct law
was applied. See 42 U.S.C. § 405(g) (1994); Hays v. Sullivan, 907
F.2d 1453, 1456 (4th Cir. 1990). Russell claims that substantial
evi-
dence does not support the ALJ's finding that Russell could perform

light work with some restrictions. However, the ALJ gave specific reasons for his determination and we will not disturb it. <u>See Hammond v. Heckler</u>, 765 F.2d 424, 426 (4th Cir. 1985). The ALJ made a thorough evaluation of the evidence, and we conclude that the Com-
missioner's decision is supported by substantial evidence and was based on the correct legal standards. The ALJ properly evaluated Rus-
sell's complaints of pain. <u>See Hyatt v. Sullivan</u>, 899 F.2d 329, 337
(4th Cir. 1990). The ALJ also properly applied the treating physician
rule when evaluating Russell's mental impairments in accordance with 20 C.F.R. § 404.1527(d)(2) (1995).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3