Cleveland HATCHER, SSN 253–44–0377,
Plaintiff–Appellant,

v.

SECRETARY, DEPARTMENT OF
HEALTH AND HUMAN
SERVICES, Defendant–Appellee.

No. 88–2918.

United States Court of Appeals,
Fourth Circuit.

Argued March 10, 1989.

Decided Oct. 6, 1989.

Mary J. Wiesen–Kosinski, Aiken, S.C., for plaintiff-appellant.

David L. Stephens, Asst. Regional Counsel (Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel, Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel, Social Security Litigation, Dept. of Health and Human Services, Office of the Chief Counsel, Region IV, John R. Bolton, Asst. Atty. Gen., Washington, D.C., Vinton D. Lide, U.S. Atty., Columbia, S.C., on brief), for defendant-appellee.

Before WIDENER and WILKINSON, Circuit Judges, and WILLIAMS, District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

Cleveland Hatcher filed his present application[1] for social security disability on July 6, 1972 alleging disability due to "spinal trouble" and "heart trouble". Some seventeen years later, after six administrative hearings before administrative law judges, four considerations by the social security appeals council, and three times having been before the district court, Hatcher appeals the Secretary's denial of disability benefits to this court. He argues that there was insufficient evidence to sustain the burden of proof imposed on the Secretary that Hatcher could perform a range of sedentary work and that such work existed in the national economy; that the Secretary failed to give proper consideration to the vocational implications of pain; that the Secretary did not give proper weight to the opinion of the treating physician; and that the Secretary ignored testimony of Hatcher and his family without making the proper credibility findings. We find that the Secretary did not adequately consider Hatcher's pain in his finding that Hatcher was physically capable of performing a narrow range of non-skilled sedentary work, and we vacate and remand for the award of benefits.

Hatcher filed the present application for social security disability on July 6, 1972. Hatcher's insured status apparently ended in 1973. On February 6, 1973 the application was denied. Hatcher requested a reconsideration, which on October 23, 1973 affirmed the initial denial. Hatcher then requested a hearing. Administrative hearings before an A.L.J. were held on November 13, 1974 and July 13, 1975. On November 24, 1975, the A.L.J. conceded a *prima facie* showing of disability but concluded that there were jobs available for the claimant within the narrow range of sedentary activity which Hatcher could perform. On March 25, 1976, the appeals council sustained the A.L.J.'s findings as the final decision of the Secretary. Hatcher commenced a civil action and on September 20, 1977 the district court adopted the magistrate's recommendation which remanded the case for further administrative action. The remand was for the Secretary to consider new and additional evidence in support of the plaintiff. The new evidence included affidavits from Hatcher and his family which "generally corroborate the plaintiffs' subjective complaints" and detail Hatcher's restrictions in daily activity. The new evidence also included Hatcher's South Carolina Vocational Rehabilitation record which closed Hatcher's case in October 1970 because his handicap was "too severe" and a medical report from Dr. Sell

---

1. Hatcher had twice previously filed for social security disability. His June 19, 1967 application (Vol. II at 103) was denied on October 4, 1967. His September 26, 1969 application was denied on August 6, 1971 by the Appeals Council. Hatcher did not seek judicial review of either of these decisions.

who believed that Hatcher was disabled due to a psychiatric overlay to Hatcher's physical impairments. On October 13, 1978, an additional administrative hearing was held. The A.L.J. issued his opinion on January 19, 1979, finding that even considering the additional evidence, Hatcher was not totally disabled at the critical time. The appeals council issued a revised opinion in the case on May 30, 1979, using the grid regulations, and found Hatcher not disabled at the critical time. Hatcher again appealed to the district court, which, on April 23, 1981, again remanded the case to the Secretary. The district court found that Hatcher had shown a *prima facie* case of physical disability but that the Secretary successfully rebutted that by showing that Hatcher could perform sedentary work that was available in the national economy. However, the district court also found that Hatcher had made a *prima facie* case of disability due to mental impairment that the Secretary had not attempted to rebut. The district court remanded the case for further consideration. Neither party appealed the remand order, which will be mentioned later. On September 24, 1981, a hearing was held and additional testimony was received from Mr. Hatcher, and testimony was taken from another vocational expert, a psychologist. The A.L.J., in his January 26, 1984 opinion, found that Hatcher's emotional problems were not disabling at the critical time. On August 3, 1984, the appeals council remanded the case back to the A.L.J. because of its finding that the testimony of a psychiatrist was needed to make a disability determination. After additional hearings were held on July 29, 1985 and June 3, 1986, the A.L.J., on August 22, 1986, found that Hatcher could have performed a narrow range of unskilled sedentary jobs at the critical time despite his physical and mental impairments. On December 18, 1986, the appeals council sustained the A.L.J.'s findings as the final decision of the Secretary for judicial review. Hatcher again appealed to the district court which, on August 12, 1988, af-

firmed the decision of the Secretary. Hatcher then appealed to this court.

In August of 1963, Hatcher underwent an anterior dissectomy and fusion of a cervical disc. In April of 1964, Hatcher underwent a lumbar laminectomy with intraspinous fusion. Again, shortly prior to February 3, 1969, Hatcher underwent a lumbar laminectomy with a disc excision. Before and after Hatcher's repeated back surgeries, he experienced moderate to severe pain and complained to various physicians and surgeons. Hatcher has also suffered chest pains and sought help. In 1969 x-rays revealed a mild cardiomegaly. Also in 1969, Hatcher's treating physician, T.W. Mappus, Jr., diagnosed congestive heart failure probably secondary to coronary artery disease and said that the E.C.G. showed an incomplete right bundle branch block and left ventricular hypertrophy.[2]

We next address the claimant's challenge that the Secretary ignored testimony of Hatcher and his family without making the proper credibility findings. It is well settled that:

> [t]he ALJ is required to make credibility determinations—and therefore sometimes make negative determinations—about allegations of pain or other nonexertional disabilities. *Smith v. Schweiker*, 719 F.2d 723, 725 n. 2 (4th Cir.1984). But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, see *Gordon v. Schweiker*, 725 F.2d [231] at 235–236 [ (4th Cir. 1984) ] (citing cases), and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process.

*Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir.1985).

 In the many years of considering Hatcher's application, only two findings of credibility were made by the Secretary. In 1979 an A.L.J. found the following to be an

---

**2.** Our discussion of Hatcher's medical problems is not meant to be all encompassing. We are

only noting problems which have direct relevance to Hatcher's pain.

inconsistency in Hatcher's testimony: that in 1970 Hatcher stated he could not drive because of problems with his legs, that in 1974 Hatcher testified his feet swelled, which was corroborated by medical evidence, that in 1974 Hatcher testified that his legs gave out; yet in 1979 Hatcher testified he had recently renewed his driver's license but could not drive often or for long distances. We fail to see any significant inconsistency in this testimony. It is quite conceivable that a man who could not drive in 1970 because of his legs, could occasionally drive for short distances in 1979. In 1984 an A.L.J. found that Hatcher's statement about his use of valium some eleven years earlier was not consistent with previously provided evidence. We do not believe that noting such a minor inconsistency in testimony in a case that has been ongoing for seventeen years is a sufficient attack on Hatcher's credibility for a wholesale rejection of his testimony regarding pain.[3]

█ The Secretary argues that Hatcher is precluded from challenging the finding that Hatcher was physically capable of performing a narrow range of sedentary work because he did not appeal the district court's April 23, 1981 remand order which included such a finding. We find no merit in the Secretary's argument, for "... remand orders in social security cases are not final, appealable orders." *Guthrie v. Schweiker,* 718 F.2d 104, 106 (4th Cir.1983). Hatcher's challenge cannot be precluded because he did not appeal an order which was not appealable.

█ In a review of whether the Secretary properly found that Hatcher was physically capable of performing a narrow range of sedentary work, we first note that from the time of the district court's April 23, 1981 remand order the A.L.J.'s assumption was that Hatcher was physically capable of sedentary work. Therefore, only the proceedings prior to the April 23, 1981 re-

mand order are relevant as to whether the Secretary made proper findings. 20 C.F.R. 404.1520(f) requires the Secretary to show that the claimant can do other work if the claimant has shown that he is not capable of performing work that he has done in the past. The Secretary concedes that Hatcher is physically incapable of performing his past work. To meet his burden of showing that Hatcher can do other work, the Secretary offered Lawrence Hartlage, Ph.D., who testified as the V.E. The A.L.J.'s hypothetical question to Hartlage improperly failed to include Hatcher's pain. When, during cross examination, Hatcher's attorney asked the V.E. if in making his opinion he considered Hatcher's pain, the V.E. said that he had not. When Hatcher's attorney attempted to have the V.E. include Hatcher's pain in the analysis, the A.L.J. said: "If you wish, you can add an assumption that he has only minimal muscle spasm in the lumbar spine, as found by Dr. Bridges. That's up to you. I didn't put it in because it was only minimum." The V.E. then said that it would not change his opinion.[4] "This court has held that pain itself can be disabling and that it is incumbent on the A.L.J. to evaluate the effect of the pain on the claimant's ability to function." *Foster v. Heckler,* 780 F.2d 1125, 1128 (4th Cir.1986). 42 U.S.C. 423(d)(5)(A) provides that a claimant's statements alone as to pain are insufficient and requires medical evidence of an impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Hatcher had undergone three back operations involving the fusion or excision of spinal discs and was experiencing continued back problems as well as being diagnosed with congestive heart failure and a partial bundle branch blockage. There is no question that such conditions could result in the pain Hatcher described. It was improper for the A.L.J. to ignore the evidence as to Hatcher's pain and reduce it to

---

3. There has never been a credibility finding regarding the testimony of Hatcher's family which corroborated the extent and disabling impact of Hatcher's pain.

4. We note that in the V.E.'s opinion, he stated that Hatcher could perform the jobs he had earlier discussed despite the minimal muscle spasm because they involved primarily sitting. Hatcher had earlier testified that the back pain was made *worse* by sitting.

a "minimal muscle spasm" without the proper credibility findings.

The only other testimony from a V.E. that was prior to the April 23, 1981 remand order was that of Beverly Johnson, Ph.D., at the October 13, 1978 hearing. At this hearing, when the V.E. was asked to consider the situation but to disregard the testimony of Dr. Sells, Hatcher and his family, she testified that Hatcher could engage in gainful employment. But when the V.E. was asked to include either Dr. Sell's testimony *or* the testimony of Hatcher and his family, she testified that Hatcher, in either case, could not engage in gainful employment. Much of Hatcher's testimony and the corroborative testimony of his family went into the pain that he was experiencing and its limiting effect on Hatcher. When the V.E. considered such evidence, she believed that Hatcher could not work. Given the relevant vocational testimony relied on by the Secretary to meet his burden, we hold that he has failed to meet his burden to prove that Hatcher could perform a narrow range of sedentary work.

Accordingly, we vacate the judgment of the district court and remand with instructions that the Secretary be instructed to award benefits.

VACATED AND REMANDED.