19 F.3d 12
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theodore H. SIZEMORE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
Thoedore H. SIZEMORE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 Nos. 93-1434, 93-1461.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1994.
Decided: March 8, 1994.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Beckley. Mary S. Feinberg, Magistrate Judge. (CA-92-489-5)
 Don M. Stacy, Beckley, WV, for appellant.
 Charlotte Hardnett, Chief Counsel, Region III, Robert S. Drum, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pennsylvania; Michael W. Carey, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, WV, for appellees.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Theodore H. Sizemore appeals the district court's decision upholding the finding of the Secretary of Health and Human Services (Secretary) that Sizemore was not entitled to social security disability benefits. Because substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Sizemore was born on May 3, 1943, attended the tenth grade, and has work experience as a laminating machine operator and in the coal mining industry. Sizemore alleged disability beginning on May 22, 1989, at which time he was working as a dispatcher and a motorman at a coal mine. He stated at his hearing before an administrative law judge (ALJ) that he stopped working on May 22, 1989, because the mine's bankruptcy caused him to be laid off.
 
 
 3
 Sizemore's application for benefits was denied initially and on reconsideration. Following Sizemore's administrative hearing, the ALJ determined that Sizemore was not disabled. The Appeals Council upheld this decision, which became the final decision of the Secretary. Sizemore then filed suit in district court. A magistrate judge determined that substantial evidence supported the Secretary's finding. This appeal followed.
 
 
 4
 Medical evidence revealed that Sizemore, a smoker with mild pneumoconiosis, suffered a heart attack in November 1986. In March 1987, Sizemore underwent diagnostic coronary angiography which revealed coronary disease confined primarily to a marginal blood vessel. His physician concluded that simple medical management, including nitroglycerin, potassium, and aspirin, was warranted. Dr. Golden, Sizemore's treating physician, approved Sizemore's return to work in May 1987. Dr. Golden noted that Sizemore's cardiac rehabilitation had progressed well and that Sizemore was taking only occasional nitroglycerin. A second cardiac catheterization performed in 1990 produced no significantly different results from those obtained in 1987.
 
 
 5
 In August 1985, Sizemore, who was experiencing leg and low back pain, underwent a lumbar laminectomy for a herniated disc. He did well after the operation. A follow-up note stated that Sizemore was returning to work in January 1986. In September 1988, Sizemore, who had begun to experience pain eight months earlier, underwent a second laminectomy for a recurrent herniated disc. Sizemore improved and returned to work six months later. He remained at work until his layoff in May 1989.
 
 
 6
 In April 1989, Sizemore was treated on an in-patient basis for alcohol abuse. His file was closed in November 1989 and reopened in January 1990, due to a concern that he might begin drinking again. However, there is nothing to suggest that Sizemore was treated at that time, and his next appointment was not scheduled until July. At the hearing before the ALJ, Sizemore's attorney stated that his client's alcoholism did not affect his ability to work.
 
 
 7
 Sizemore complained at the hearing about back pain that radiated to his left hip and leg. He stated that, while he took no pain medication, certain exercises helped to relieve the pain. He was unsure as to whether the aspirin he took for his heart condition also helped him tolerate his claimed pain. Sizemore's activities included preparing breakfast for his son and other light housework. One hobby Sizemore mentioned was fishing in a boat he owns. Sizemore stated that he could lift twenty-five or thirty pounds with some pain.
 
 
 8
 A vocational expert testified that work existed in the regional economy which an individual fitting Sizemore's profile could perform. That profile assumed an individual of Sizemore's age, education, work experience, and the residual functional capacity to perform light or sedentary work. The profile further assumed that the individual experienced chronic pain that was noticeable at all times but not so severe that it prevented the individual from attending to his work assignments. If that profile were changed to reflect an individual with moderately severe pain, the expert testified that there were no jobs which Sizemore could perform.
 
 
 9
 Our review is limited to determining whether substantial evidence supports the Secretary's decision and whether the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990); see Richardson v. Perales, 402 U.S. 389, 390 (1971). It is the responsibility of the Secretary, not the courts, to weigh and resolve conflicts in the evidence. Courts will not substitute their judgment for that of the Secretary, provided that substantial evidence supports the Secretary's decision. Hays v. Sullivan, 907 F.2d at 1456.
 
 
 10
 In this case, substantial evidence supports the finding that Sizemore, despite his limitations, retained the residual functional capacity to perform light or sedentary work. There is no doubt that Sizemore suffered from several ailments, most notably a cardiac condition and back pain. As required by case law, the ALJ gave reasons for discrediting Sizemore's complaints that the pain he experienced was disabling. Specifically, the ALJ noted the range of Sizemore's daily activities and the fact that he took no significant pain medication to alleviate his claimed discomfort. See Hatcher v. Secretary, 898 F.2d 21, 23 (4th Cir.1989). As the ALJ properly supported with evidence of record his findings as to the severity and effects of Sizemore's pain, this credibility determination will not be disturbed. See Hays v. Sullivan, 907 F.2d at 1456.
 
 
 11
 Given the documentary medical and vocational evidence and the testimony at the hearing, especially that of the vocational expert who identified several jobs that were available to an individual such as Sizemore, we conclude that substantial evidence supports the finding that Sizemore is not disabled. The judgment of the district court is accordingly affirmed.
 
 
 12
 AFFIRMED.