57 F.3d 1065
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Mary Jane BELL, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-1089.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 5, 1995.
Decided: June 9, 1995.
 
 Before NIEMEYER and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Mary Jane Bell appeals from the denial of her application for disability insurance benefits and supplemental security income benefits by the Secretary of Health and Human Services.* Finding no reversible error, we affirm.
 
 I.
 
 2
 On November 22, 1991, Bell filed an application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. Sec. 301 et seq. Bell claimed disability as of July 24, 1986 due to reflex sympathetic dystrophy in the left arm and shoulder. The claim was denied at both the initial and reconsideration stages, and after hearings on October 23, 1992 and June 2, 1993, an administrative law judge (ALJ) concluded that Bell was not disabled within the meaning of the Social Security Act and denied her claim. The Appeals Council denied Bell's request for review, and the Secretary's decision thus became final on February 4, 1994.
 
 
 3
 Bell filed this action in the United States District Court for the Western District of North Carolina, seeking judicial review of the Secretary's decision. On December 16, 1994, the magistrate judge, pursuant to 28 U.S.C. Sec. 636(c)(1), granted the Secretary's motion for summary judgment and affirmed the denial of Bell's application for benefits. This appeal followed.
 
 II.
 
 4
 Pursuant to 42 U.S.C. Sec. 405(g), we review the ALJ's decision to determine whether it was supported by substantial evidence and whether the correct law was applied. See also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Substantial evidence is defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). Our review is thus a limited one: "[i]t is not our place either to weigh the evidence or to substitute our judgment for that of the Secretary if that decision was supported by substantial evidence." Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir.1992).
 
 
 5
 Under the Social Security Act, a claimant is considered disabled if she cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be ... expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1)(A). In evaluating disability claims, the Secretary must follow a five-step sequential analysis; if a claimant is found "not disabled" at any step, further inquiry is unnecessary. 20 C.F.R. Sec. 404.1520. See also Hunter, 993 F.2d at 34-35.
 
 
 6
 The ALJ here determined that Bell had not engaged in substantial gainful activity during the relevant period; that she had a severe impairment; that her impairment did not meet the medical criteria listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1; and that she was prevented from performing her past relevant work. However, the ALJ determined that Bell "has the residual functional capacity to perform the physical exertion and non-exertional requirements of light work" subject to certain restrictions. Accordingly, the ALJ concluded that Bell was not disabled under the Act and was therefore not eligible for disability insurance and supplemental security income benefits.
 
 A.
 
 7
 Bell first contends that the ALJ failed to give appropriate weight to the opinions of Dr. Pisko, Dr. Koman, and Dr. O'Rourke, her treating physicians. In Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987), we described the "so-called attending physicians rule .... [which] requires that the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence." See also Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 96 (4th Cir.1991) (en banc ); 20 C.F.R. Sec. 404.1527(d)(2) (treating physician's opinion entitled to "controlling weight" if it is well-supported and consistent with other substantial evidence in the record).
 
 
 8
 The ALJ cited Dr. O'Rourke's December 23, 1992 detailed evaluation as controlling evidence that Bell was not totally disabled, observing that it was consistent with other evidence in the record and supported by specific findings. In doing so, the ALJ discounted Dr. O'Rourke's earlier diagnosis expressed in a letter dated October 28, 1992, in which he stated that Bell had been totally disabled for at least twelve months. The ALJ also discounted the "sometimes contradictory and generally vague and overbroad statements of disability made by" Dr. Pisko and Dr. Koman. The ALJ noted that on November 6, 1991, Dr. Pisko stated that Bell had a 20% disability, while seven months later, without explaining how or why Bell's condition had worsened, he discerned a permanent and total disability. The ALJ also noted Dr. Koman's contradictory statements about Bell's disability, first discerning a total disability and then, upon inquiry by the ALJ, disavowing that diagnosis.
 
 
 9
 Bell fails to identify any evidence in the record to contradict Dr. O'Rourke's evaluation, other than the opinions of Dr. Pisko and Dr. Koman. The ALJ was entitled to afford Dr. O'Rourke's detailed evaluation controlling weight in assessing the extent of Bell's disability and to discount the inherently contradictory opinions of Dr. Pisko and Dr. Koman. See Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir.1986) ("A treating physician's testimony [like that of Dr. O'Rourke] is ignored only if there is persuasive contradictory evidence.") (emphasis in original). That the record contains contradictory evidence is not a valid basis for reversal; the ALJ's decision was clearly supported by substantial evidence. See Hays, 907 F.2d at 1456 ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.").
 
 B.
 
 10
 Bell next contends that the ALJ failed to consider properly her subjective complaints of pain. In Hyatt v. Sullivan, 899 F.2d 329 (4th Cir.1990), we stated:
 
 
 11
 Once an underlying physical or mental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motory [sic] disruption), if available, should be obtained and considered. Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.
 
 
 12
 Id. at 337 (footnote omitted).
 
 
 13
 Here, the ALJ properly evaluated the disabling effects of Bell's pain, ultimately concluding that her subjective complaints were not entirely credible in light of "the nature, location, onset, duration, frequency, radiation, and intensity of [her] pain; precipitating and aggravating factors; medication; treatment; functional restrictions; and [her] daily activities." See 20 C.F.R. Sec. 404.1529(a) (subjective complaints can support a finding of disability only upon objective evidence "which could reasonably be expected to produce the pain or other symptoms alleged"). The ALJ observed that Bell's testimony about the use of her left arm was not credible in light of the evidence that she suffered only mild and occasional sensory deficit and that she retained significant grip strength. The ALJ observed that Bell continued to take medication for her pain, presumably because the medication provided some degree of relief. The ALJ also noted that Bell did not seek further treatment for her headaches and that the record contained no evidence of leg swelling after October, 1989. Finally, the ALJ observed that Bell's ability to care for her children, especially her youngest who was born in 1988, demonstrated some functional capacity. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir.1994) (complaints of pain undermined by ability to perform wide variety of daily tasks).
 
 
 14
 Accordingly, the ALJ "accept[ed] that [Bell] does experience some pain in the left upper extremity and, in accordance with Dr. O'Rourke's physical capacities evaluation, has found a residual functional capacity requiring very little use of the left upper extremity." The ALJ therefore properly considered Bell's subjective complaints of pain; his decision to discount those complaints did not constitute reversible error.
 
 C.
 
 15
 Third, Bell contends that the hypothetical posed by the ALJ to the vocational expert concerning Bell's residual functional capacity was inaccurate. The question was posed as follows:
 
 
 16
 [A]ssume that we have an individual who's age 35 and has a ninth grade education, eighth grade or ninth grade, and has the work history shown by the record. Assume that she has limited [use] of the left arm which is the nondominant arm and grasping is somewhat limited there. The doctor said the grip was four out of five. I guess that would mean a mild grip, loss of grip strength in the left hand in Exhibit B-30. And there is testimony as to some pain, numbness, headaches, history of some phlebitis, and she would be limited in the amount of lifting that she could do which would be 10 lbs. to 20 lbs. primarily with the right arm, the dominant right arm. Left hand, it could be used as a helping hand only. Limited use in the left arm. Standing and walking is not impaired according to B-33. Sitting is not impaired and stooping is limited. Balancing may be limited. Reaching, handling, pushing, pulling, all that is limited in the left hand. According to the ruling that I have to follow, they say that this represents a significant limitation in the amount of sedentary work that one can do and some limitation in the light range of work. The light range of work would be the area for the vocational expert to address according to that ruling. In your judgment would there be light work, if not sedentary work, that such a person could do with those limitations?
 
 
 17
 (Emphasis added).
 
 
 18
 Although Bell asserts that the assumptions contained in the hypothetical concerning the use of her left arm and her level of pain were inaccurate, the question fairly set out all of Bell's limitations, as supported by the record. Cf. Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir.1989). The evidence showed that Bell's use of her left arm and hand was limited at best, although she retained significant grasping ability. Also, as described above, the ALJ largely discredited Bell's complaints of pain; the state ment that "there is testimony as to some pain" was therefore substantially accurate in that regard.
 
 
 19
 However, Bell contends that the expert failed even to consider her pain as a factor in the hypothetical. On cross-examination, Bell's attorney asked the vocational expert, "Did you factor in the pain in the left, upper extremity and also the disabling headaches? Were those considered?" The expert responded, "No. No, they weren't. I'm dealing with the physical restrictions that were given here." Bell's attorney asked again, "But you're not dealing with any limitations that would come from pain and from headaches?" The expert again responded, "No."
 
 
 20
 The failure to posit a correct hypothetical to a vocational expert can constitute reversible error where the Secretary otherwise fails to meet her burden of proving that a claimant retains a residual functional capacity to perform certain types of work. See Hatcher v. Secretary, Dept. of Health and Human Services, 898 F.2d 21, 24-25 (4th Cir.1989). However, there was no evidence in the record of "disabling headaches," as described in the question posed by Bell's counsel, and, as explained above, the ALJ largely discredited Bell's complaints of pain. Therefore, notwithstanding the apparent failure of the vocational expert to respond to the ALJ's hypothetical as posited, the Secretary met her burden of proving that Bell retains a residual functional capacity to perform light work with certain restrictions.
 
 D.
 
 21
 Finally, Bell argues that the ALJ failed to develop the administrative record properly, neglecting to secure certain physicians' reports. Although the ALJ has a duty to "explore all relevant facts and inquire into the issues necessary for adequate development of the record," Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986), "[he] is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir.1994). Bell carried the burden of establishing a prima facie entitlement to benefits, Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir.1981), and she consequently "bears the risk of nonpersuasion." Seacrist v. Weinberger, 538 F.2d 1054, 1057 (4th Cir.1976). See also 42 U.S.C. Sec. 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.").
 
 
 22
 The ALJ had before him sufficient facts to determine the central issue of disability, and Bell has failed to indicate how these unidentified reports would have impacted the ALJ's assessment. Therefore, any failure on the part of the ALJ to ferret out additional information did not constitute reversible error.
 
 
 23
 Accordingly, the magistrate judge's order granting summary judgment in favor of the Secretary is
 
 
 24
 AFFIRMED.
 
 
 
 *
 On March 31, 1995, the Social Security Administration became an autonomous agency, separate from the Department of Health and Human Services. Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296 Sec. 106(d)(2), 108 Stat. 1464, 1477 (1994). As of that date, Shirley S. Chater, Commissioner of Social Security, was substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Because all the events relevant to this action occurred prior to the substitution, however, we will refer to the Secretary throughout this opinion