**Angela V. IVEY, Plaintiff,**

**v.**

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 7:04–CV–124–FL(1).**

United States District Court, E.D. North Carolina, Eastern Division.

Sept. 29, 2005.

Barbara von Euler, Kathleen Shannon Glancy, PA, Wilmington, NC, for Angela V. Ivey, plaintiff.

David J. Cortes, AUSA, U.S. Attorney's Office, Eastern District of North, Carolina, Raleigh, NC, for Jo Anne B. Barnhart, defendant.

ORDER

FLANAGAN, Chief Judge.

This matter is before the court on plaintiff's motion for judgment on the pleadings [DE #10], and defendant's motion for judgment on the pleadings [DE #18]. United States Magistrate Judge James C. Dever, III, entered a memorandum and recommendation (M & R) recommending that the court grant plaintiff's motion, deny defendant's motion and remand the matter to the Commissioner for further proceedings. Defendant timely filed objections and plaintiff filed a response. In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts the M & R of the Magistrate Judge and enters this opinion addressing *de novo* those portions of the M & R to which defendant objects.

STATEMENT OF THE CASE

Plaintiff filed an application for disability insurance benefits on July 2, 2002. In her application, she alleged that she became unable to work April 1, 2002, due to diabetes mellitus, headaches and seizures. Plaintiff's application was denied at initial levels and by an Administrative Law Judge ("ALJ"), following an administrative hearing held October 31, 2003. Plaintiff filed an appeal with the Appeals Council, and on April 16, 2004, the Appeals Council denied plaintiff's request for review. The decision of the ALJ thereby became the final decision of the Commissioner.

Plaintiff timely commenced this action for judicial review on October 26, 2004, raising three principal claims of error in her motion for judgment on the pleadings:

I. New evidence acquired after the administrative hearing constituted grounds for remand.

II. Substantial evidence did not exist to support the Commissioner's RFC determination.

III. The Vocational Expert's testimony did not constitute substantial evidence upon which the commissioner could deny plaintiff's benefits.

In the M & R entered April 21, 2005, the Magistrate Judge determined that plaintiff's first claim was without merit, plaintiff's second claim was sufficient to warrant remand and therefore, plaintiff's third claim was not reached. Defendant raises

an objection based upon the Magistrate Judge's finding on the second claim.

## STANDARD OF REVIEW

The court's review is limited to determining whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990). "Substantial evidence" is that "which a reasoning mind would accept as sufficient to support a particular conclusion," consisting of "more than a mere scintilla of evidence but ... somewhat less than a preponderance." *Id.* "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor ... to make findings of fact [or] to resolve conflicts in the evidence." *Id.* Even if the court disagrees with Commissioner's decision, the court must uphold it if it is supported by substantial evidence. *See id.*

In addressing objections to the M & R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.; see Camby v. Davis,* 718 F.2d 198, 200 (4th Cir.1983).

## DISCUSSION

Defendant objects to the Magistrate Judge's recommendation for remand and contends that the ALJ's decision was supported by substantial evidence and should, thereby be affirmed. (Def.Obj. p. 6). Defendant alleges that the Magistrate Judge's decision erroneously stems from inadequate consideration given to the totality of the record established by the ALJ. Specifically, defendant argues that the Magistrate Judge "only considered the ALJ's credibility analysis, which is essentially a summary conclusion, while not considering the credibility of the treating physician opinions and the other medical evidence in the record." *Id.* Further, defendant protests, "[t]he Magistrate Judge only considered the one paragraph in the ALJ's decision essentially titled 'credibility.' That paragraph had followed the ALJ's assessment of the medical evidence and other record evidence, including the plaintiff's daily activities, and, hence, had to be considered in conjunction with all of that evidence." (Def.Obj. p. 7).

Defendant's objection is without merit. The Magistrate Judge reviewed the ALJ's findings for substantial evidence, but noted in particular the credibility determinations made therein, in response to plaintiff's initial objection. (Pl. Mem. at 7). Specifically, the Magistrate Judge reviewed the record for evidence of the weight placed on the testimony of plaintiff's mother by the ALJ, as this information was necessary to determine if substantial evidence existed to support the finding. (M & R pp. 7–8). *See Gordon v. Schweiker,* 725 F.2d 231, 235 (4th Cir.1984) (holding that a court cannot determine if findings are supported by substantial evidence if no indication is made as to the weight given to all relevant evidence).

According to the Fourth Circuit, an ALJ may choose to reject relevant testimony regarding plaintiff's pain or physical condition, however, the ALJ should explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher v. Sec'y, Dep't of HHS,* 898 F.2d 21, 23 (4th Cir. 1989) (quoting *Smith v. Schweiker,* 719 F.2d 723, 725 n. 2 (4th Cir.1984)). Without an analysis of all evidence and a sufficient

explanation of the weight given to "obviously probative exhibits" it is not possible to determine if the ALJ's decision is supported by substantial evidence. *Arnold v. Secretary,* 567 F.2d 258, 259 (4th Cir.1977).

In this case, Glenda Ivey testified that she is the mother of the plaintiff, Angela Ivey. Tr. at 201. Ms. Ivey also testified that the plaintiff lives with her and that due to the extent of her daughter's ailments, Ms. Ivey had to attend school with the plaintiff every day. *Id.* at 206. Ms. Ivey explained her belief that her daughter was not able to work due to seizures, migraines and problems stemming from her diabetes. *Id.* at 205. The ALJ gave only a brief recitation of the testimony of Glenda Ivey, and, at no time did the ALJ make a determination regarding Ms. Ivey's credibility nor did he assess the weight given to her testimony. *See* Tr. at 14–23. Ms. Ivey's testimony was relevant to plaintiff's claims of disability and provided support for the testimony of plaintiff. In accordance with *Hatcher,* the ALJ should have expressed the weight and credibility assigned to such relevant testimony to ensure that the decision was sufficiently supported by substantial evidence.

Additionally, remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. *Murphy v. Bowen,* 810 F.2d 433, 438 (4th Cir.1987). Ms. Ivey's testimony, as noted above, was relevant to her daughter's condition. Ms. Ivey is the daily and primary caretaker of her daughter, administering medication and testing blood sugar levels numerous times throughout the day. Tr. at 205. Ms. Ivey testified in great detail regarding the frequency and severity of seizures suffered by claimant. *Id.* at 203–04. Ms. Ivey opined that her daughter was unable to work as a result of her numerous infirmities. *Id.* at 205. Despite Ms. Ivey's testimony to the contrary, and without adequate examination of this evidence, the ALJ found plaintiff not disabled and eligible for employment. Because the ALJ failed to discuss evidence that although contradictory was relevant to his findings, this court, in accordance with *Murphy,* finds remand proper.

## CONCLUSION

Upon *de novo* review, the court finds no merit in defendant's objection. Therefore, adopting and incorporating herein the recommendation of the Magistrate Judge, plaintiff's motion for judgment on the pleadings [DE # 4] is GRANTED, defendant's motion for judgment on the pleadings [DE # 6] is DENIED and this case is REMANDED to the Commissioner for further proceedings.