UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALTON L. GOODMAN,
Plaintiff-Appellant,

v.

No. 97-1361

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CA-95-45-2-BO)

Submitted: February 24, 1998

Decided: March 18, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Branch W. Vincent, III, TWIFORD, MORRISON, O'NEAL, VIN-
CENT & WILLIAMS, L.L.P., Elizabeth City, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Barbara D. Kocher, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alton L. Goodman, age 53, applied for disability insurance benefits in June 1993, for a period of disability commencing April 24, 1993. After an initial denial, the Social Security Commission held a hearing and the Administrative Law Judge (ALJ) denied benefits. The Appeals Council reviewed the ALJ's decision and adopted the ALJ's findings and conclusions on disability, but attached a properly completed "Psychiatric Review Technique" form. Goodman then filed a complaint in the district court seeking review of the Commission's findings. The parties filed cross-motions for judgment on the pleadings and for summary judgment. The motions were referred to a magistrate judge for a report and recommendation. The magistrate judge recommended that Goodman's motion for judgment on the pleadings be granted, the Commissioner's motion be denied, and that the case be remanded to the Commissioner for an award of benefits. After reviewing objections to the report filed by the Commissioner, the district court affirmed the denial of benefits and granted the Commissioner's motion for judgment on the pleadings. On appeal, Goodman argues that substantial evidence did not support the Commissioner's decision that Goodman's impairment does not prevent him from engaging in any substantial employment. Finding no error, we affirm.

Goodman's alleged disability consisted of back pain, high blood pressure and diabetes that he suffered following a back injury sustained in the course of his employment as an equipment operator. A medical examination confirmed the presence of degenerative disc disease with a herniated disc at L4-5. An orthopedic specialist referred Goodman to Dr. Thomas Markham, an orthopedic surgeon. Dr. Markham's course of treatment involved prescription anti-inflammatory and pain medications, exercise, and weight loss. Dr. Markham discussed surgery with Goodman, but decided that he was not a surgical candidate.

Goodman completed a one-month rehabilitation program and was released by the rehabilitation clinic to return to work. The records show that the clinic released Goodman to full-time work with medium physical demands requiring up to forty pounds overhead lifting and twenty pounds squat lifting. Goodman's prior duties of roller operation and asphalt spreader operation (paver) met the medium physical restrictions. Goodman returned to work and continued to work intermittently throughout 1994 as a paver.

Dr. Markham continued to treat Goodman on the same course of treatment. In an April 6, 1994, office note, Dr. Markham stated that Goodman could return to his light duty job as a paver. He determined that Goodman would need to get off the paver and take breaks to stretch and walk, as necessary. Dr. Markham suggested up to a fifteen minute break every two hours.

At the hearing before the ALJ, Goodman testified as to his physical limitations. He stated that he could stand for fifteen to twenty minutes while changing positions before he needed to sit down. He could sit for thirty-five to forty minutes before pain caused him to stand up and move around. He also testified that he sometimes had difficulty lifting things.

A vocational expert, Dr. E. Davis Martin, also testified at the hearing. Dr. Martin stated that Goodman's past work was heavy, semi or low-skilled, and that Goodman had no transferable work skills from his past employment. The ALJ posed hypothetical questions to Dr. Martin regarding a forty-nine year old individual with a fourth grade education who is functionally illiterate with Goodman's past work experiences. The ALJ questioned Dr. Martin whether light duty sedentary jobs existed for an individual with these characteristics. Dr. Martin testified that jobs existed in this category for the individual. The ALJ then asked Dr. Martin if jobs existed for a person with the same characteristics, but with additional restrictions of needing to move from a seated to a standing position from time to time, and taking fifteen minute breaks as needed. Dr. Martin replied that there would not be any jobs that the individual could perform because unskilled jobs leave the worker with little discretion in how to conduct the work.

3

The Commissioner's disability determination will be upheld if it is supported by substantial evidence. See 42 U.S.C. § 405(g) (1994). Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is`substantial evidence.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1962)).

As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts, including inconsistencies in the medical evidence. Reviewing courts do not weigh evidence anew or substitute their judgment for that of the Commissioner, provided that substantial evidence supports the Commissioner's decision. See Hays, 907 F.2d at 1456. Because substantial evidence supports the ALJ's findings here, there is no reason to disturb the decision of the Commissioner.

Goodman claims that the district court erred by upholding the ALJ's decision to discount the opinion of his treating physician, Dr. Markham, that he could only participate in light duty work with restrictions that allowed him to rest periodically.

The ALJ must consider objective medical facts and the opinions and diagnoses of treating and examining doctors, which constitute a major part of the proof in disability cases. See McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir. 1983). Pursuant to 20 C.F.R. § 404.1527(d)(2) (1997), the Commissioner must generally give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. The opinion of a treating physician must be weighed in light of the record as a whole when determining eligibility for disability insurance benefits. See 20 C.F.R. § 404.1527(d)(4) (1997).

In this case, the ALJ did not specifically reject Dr. Markham's opinion. Dr. Markham opined that Goodman could return to light duty

4

work as a paver. The rehabilitation clinic's recommendation was for return to medium work activity. The two recommendations appear to be in conflict. However, the clinic intended to train Goodman to return to his job as a paver, a job which is defined in the Dictionary of Occupational Titles as medium. The ALJ did not discredit Dr. Markham's recommendation or restrictions. Instead, the ALJ relied, almost exclusively, on Dr. Markham's treatment notes to establish that Goodman had a severe impairment. It appears from the record that Dr. Markham believed Goodman's previous paver job involved light duty work.

Goodman contends that the ALJ's assessment of his residual functional capacity was not supported by substantial evidence because the medical evidence and the vocational expert's responses do not demonstrate that he can perform medium work, or any work at all. An individual's residual functional capacity is what that person can still do despite physical and mental impairments. See 20 C.F.R. 404.1545(a) (1997).* The ALJ found Goodman's testimony that he is totally unable to perform any work activity not fully credible.

In the case of allegations of pain, the rule of this court for claims filed before October 1, 1995, is:

> Once an underlying physical or mental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree . . ., if available, should be obtained and considered. Because pain is not readily susceptible of objective proof,

_____

*In his disability claim, Goodman also alleged that part of disability results from high blood pressure and diabetes. On appeal, Goodman does not dispute that these conditions did not disable him nor discuss their cumulative effect.

5

however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

SSR 90-1p (current versions at SSR-95-5p); see Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). The ALJ must make credibility determinations based upon all the evidence in the record, and properly supported credibility determinations will be upheld. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). The ALJ's determination that Goodman's testimony of total inability to perform any work was not credible is so supported.

First, the ALJ noted that Goodman reported back pain to each of his treatment sources. He noted that Goodman reported a constant ache in his lower back, but could not identify any movement that aggravated the pain. Goodman had a steroid injection for pain in July 1994, but on the day before that treatment reported only mild low back pain. While Goodman does take medication for diabetes and hypertension, he takes no prescription medication for pain or over-the-counter pain relievers.

The ALJ also noted that Goodman's pain decreased and his flexibility improved while he was participating in the rehabilitation program. Goodman was able to participate in almost a half-hour of aerobic activity and reportedly played volleyball for over three hours on a daily basis, as part of his treatment in the program. Upon his release from the program, it was recommended that Goodman continue regular exercise, which he did not pursue. Goodman also stated that he limited other daily activities. The ALJ found that without following this recommended course of treatment, Goodman should expect that his back would cause him discomfort.

Thus, the ALJ found Goodman's complaints of pain to be not fully credible. Because of this determination, the ALJ found that there were no nonexertional limitations and the grids could be used to determine disability. See Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989). Although vocational expert testimony was solicited and given regarding limited employment possibilities under certain assumed restrictions, the ALJ was not bound to accept the restrictions and did not err in rejecting as incredible those assumed in the hypothetical posed to

6

the vocational expert. An ALJ has great latitude in posing hypothetical questions and is free to accept or reject conditions assumed in such questions so long as there is substantial evidence to support his ultimate determination. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1986).

The ALJ found that under 20 C.F.R. Part 404 Subpart P, App. 2 §§ 203.19, 203.26 (1997), Goodman was not disabled. Because this determination is supported by substantial evidence we affirm the district court order affirming the denial of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7